IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BLUE ROCK PARTNERS, LLC, as agent of THE PARK AT STONEHAVEN,

        Plaintiff,

v.

EBONI ROSS,

        Defendant.

1:16-cv-4594-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I.    BACKGROUND

On November 17, 2016, Plaintiff Blue Rock Partners, LLC, as agent of The Park at Stonehaven ("Plaintiff") initiated a dispossessory proceeding against Defendant Eboni Ross ("Defendant") in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1] See [1.2] at 4.

On December 14, 2016, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Petition for Removal and an application to proceed *in forma pauperis* [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in this case a question of federal law.  In her Petition for Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") "and the Fourteenth Amendment of the U.S. Constitution."  (Pet. for Removal [1.1] at 2).

On December 16, 2016, Magistrate Judge Anand granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendant failed to allege any facts

to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case be remanded to the state court.

On December 29, 2016, Defendant filed her "Motion to Dismiss Dispssessory [sic] Action," which the Court construes as her Objections [5] to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objections are conclusory and do not address the Magistrate Judge's reasons for recommending remand.[2]  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  These are not valid objections, and the Court will not consider them.  The Court reviews the R&R for plain error.

B.   Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or

---

[2]   For example, Defendant states that the "Dispossessory action fails to state a claim that grounds for relief may be granted" and that "Plaintiff has unlawfully violated 15 U.S.C. [sic] 1692(f)(6)(A) with Dispossessory in the Magistrate Court of DeKalb County."  (Obj. at 1-2).

that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the magistrate court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Defendant did not assert a valid objection to this recommendation and the Court finds no plain error in it.[3]

---

[3]  Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.  To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Eboni Ross's Objections [5] are **OVERRULED**.

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 7th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).